David E. Campana 88873
dcampana2@verizon.net
LAW OFFICES OF
KUSION & CAMPANA
4541 ARTESIA BOULEVARD
LAWNDALE, CALIFORNIA 90260
310-370-6164 FAX310-370-6164
Attorneys for Plaintiff,
Bryan Cook

FILED
10 AUG 30 PM 3:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRYAN COOK,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>and DOES 1 to 10, inclusive<br>    Defendants. | Civil Action No. CV10 6477-RGK (FMO)<br><br>COMPLAINT FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, BRYAN COOK, by his attorney, DAVID E. CAMPANA, state as follows:

### INTRODUCTION

1. This is an action for damages against all defendants brought pursuant to the Federal Tort Claims Act, sections 1346(b) and 2671--2680, title 28, United States Code for negligent placement of a dangerous and violent individual within a Domicilliary Rehabilitation and Treatment Program operated by the United States, Department of Veterans Affairs, causing plaintiff injury.

### JURISDICTION

2. This Court has jurisdiction under the provisions of the Federal Tort Claims Act, sections 1346(b) and 2671-2680, Title 28.

### PARTIES

3. The plaintiff Bryan Cook at all relevant times was within the jurisdiction of the United States of America at all times herein alleged, and was and is a citizen of the United States of

1

Complaint for Damages and Demand for Jury Trial

America, and a veteran of the United States military.

4. Defendant United States of America is a sovereign nation which created and operates the Department of Veterans Affairs.

5. Defendant Department of Veterans Affairs employs, manages, oversees the individuals responsible for negligently placing Edgar Smith, a dangerous and violent individual with mental impairment, within the domiciliary rehabilitation and treatment program which plaintiff was housed designed for non-violent individuals.

6. Each and every defendant who is a natural person is sued in both his/her individual/personal capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

## FACTUAL ALLEGATIONS

7. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

8. Plaintiff, BRYAN COOK, was an approved participant in defendants', and each of them, treatment program on April 18, 2008. Plaintiff was housed in the domiciliary 2-west, located at 11301 Wilshire Building 214, Room 211-2, Los Angeles, California on said date. On April 18, 2008 at approximately 7:30 p.m. plaintiff was violently attacked by a fellow participant in the treatment program, Edgar Smith. Mr. Smith attacked plaintiff, a then 34 year old male, with a knife causing severe laceration to plaintiff's adomen/hip area. Plaintiff was taken by ambulance to the U.C.L.A medical center and treated. He is left with physical scarring, residual pain and discomfort and emotional distress.

9. Defendants, and each of them, negligently housed Edgar

Smith, an individual defendants knew or should have known, was dangerous and violent, within plaintiff's domiciliary which was limited to non-violent individuals/participants. Defendants negligently screened, approved and allowed for Edgar Smith to be housed in plaintiff's domiciliary, restricted to non-violent individuals.

10. Defendants and each of them failed to use reasonable care toward plaintiff and fellow domiciliary members in providing procedures, policies, facilities, supplies, and qualified personnel including but not limited to security persons, reasonably necessary for the treatment of its members.

11. Defendants and each of them knew or reasonably should have known it was likely that Edgard Smith would harm plaintiff or some other program participant in the treatment program and failed to use reasonable care to prevent such harm.

12. Defendant and each of them failed to use reasonable care to select and periodically evaluate is medical staff and/or non-medical staff so that individuals like Edgar Smith would not be allowed to participate in the treatment program defendants operated for non-violent individuals.

13. The treatment program plaintiff was a participant in was for the treatment of Post Traumatic Stress Disorder plaintiff suffered as a member of the United States Military.

14. As the operator of a medical/psychological treatment program, defendants and each of them, failed to use reasonable care to protect plaintiff and other program participants from another person's harmful conduct which it could have reasonably anticipated.

15. Defendants, and each of them, employees, agents, indepen-

Complaint for Damages and Demand for Jury Trial

1  dent contractors, including but not limited to doctors, nurses
2  and other medical professionals, were negligent in failing to ex-
3  ercise the level of skill, knowledge, and care in diagnosis and
4  treatment that other reasonably careful doctors, nurses and other
5  medical professionals would possess and use in similar circum-
6  stances.

7      16. Defendants, and each of them, including but not limited
8  to their agents, independent contractors, employees, negligently
9  failed to adequately and reasonably screen Edgar Smith prior to
10 placing him in plaintiff's post traumatic stress disorder treat-
11 ment program designed and limited to non-violent individuals and
12 caused plaintiff harm as a result of said negligence.

### FIRST CAUSE OF ACTION

NEGLIGENT PATIENT SCREENING OF VIOLENT
PERSON ALLOWED ENTRY TO NON-VIOLENT PRO-
GRAM OPERATED BY UNITED STATES OF AMERICA
DEPARTMENT OF VETERANS AFFAIRS
(Federal Tort Claims Act)

17. Plaintiff realleges and incorporates by this reference
each and every paragraph set forth above. Defendants and each of
them, their agents, employees, independent contractors medical pro-
fessionals and non-medical professionals alike, were negligent in
the screening, processing and approval of participation in the non-
violent Post Traumatic Stress Disorder program by one Edgar Smith.
Defendants and each of them knew or reasonably should have known
that Edgar Smith had violent propensities and would cause harm to
individuals like plaintiff if he were allowed to participate in
said program. That once allowed into said program, wherein plain-
tiff and other non-violent members were housed, Mr. Smith stabbed
plaintiff with a knife in a violent outrage and without provoca-

4
Complaint for Damages and Demand for Jury Trial

tion on April 18, 2008 at approximately 7:30 p.m. That as a proximate cause of defendants negligence in failing to adequately screen Mr. Edgar Smith, a person defendants and each of them knew, or reasonably should have known, was prone to violent acts, he was allowed entry into plaintiff's non-violent domiciliary housing, ultimately causing plaintiff personal injury, damages and emotional distress, as a result of being stabbed with a knife by Mr. SMith.

## SECOND CAUSE OF ACTION

NEGLIGENT SECURITY AT UNITED STATES OF AMERICA DEPARTMENT OF VETERANS AFFAIRS IN HOUSE TREATMENT PROGRAM (Federal Tort Claims Act)

18. Plaintiff realleges and incorporates by this reference each and every paragraph set forth above. Defendants and each of them, their agents, employees, independent contractors, security personnel and the like, negligently failed to provide adequate security personnel and the like, negligently failed to provide persons like plaintiff a safe place to live, receive counseling and treatment offered by the program to treat his post traumatic stress disorder at domiciliary 2-west, located at 11301 Wilshire Building 214, Los Angeles, California. As a result of said negligence plaintiff suffered personal injury, both physical and emotional.

WHEREFORE, the plaintiff prays judgment in his favor against defendants as follows:

1. General damages for pain, suffering, humiliation and and emotional distress of $500,000.00;

2. Reasonable attorney fees;

3. Costs of suit; and

4. For such further relief as the court may deem just and

Complaint for Damages and Demand for Jury Trial

equitable.

DEMAND FOR JURY TRIAL

Trial by jury of all issues is demanded.

DATED August 30, 3010

Law Offices of Kusion & Campana

David E. Campana
Attorney for Plaintiff,
Bryan Cook

Complaint for Damages and Demand for Jury Trial

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

```
CV10- 6477 RGK (FMOx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
David E. Campana 88873
Kusion & Campana
4541 Artesia BLvd.,
Lawndale,Ca.90260
(310)370-6164 FAX(310)370-6164
E-Mail dcampana2@verizon.net

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BRYAN COOK

PLAINTIFF(S)

v.

UNITED STATES OF AMERICA; and
DOES 1 to 1̶5̶, inclusive
         16

DEFENDANT(S).

CASE NUMBER

**CV10 6477-RGK(FMO)**

SUMMONS

TO: DEFENDANT(S): UNITED STATES OF AMERICA; and DEOS 1 to 1̶5̶ 10, inclusive

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __David E. Campana__, whose address is __4541 Artesia BLvd.,Lawndale,CA.90260__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __30 AUG 2010__       By: __MARILYN DAVIS__
                                  Deputy Clerk
                                  (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BRYAN COOK | UNITED STATE OF AMERICA |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) 310-370-6164<br>David E. Campana 88873<br>Kusion & Campana<br>4541 Artesia BLvd., Lawndale, Ca 90260 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Tort Claims ACt sections 1346(b) and 2671-2680 Title 28; Negligence

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY: Case Number: **CV10 6477**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date August 30, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |